UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFANY CAUSEY et al | CIVIL ACTION NO: 3:12-cv-00130 |
| VERSUS | JUDGE DONALD E. WALTER |
| MOORE FAMILY ENTERPRISES INC. et al | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. #6] filed by Defendant, Massachusetts Bay Insurance Company ("Massachusetts Bay"), pursuant to Federal Rule of Civil Procedure 56. Plaintiffs do not oppose this motion. For the reasons assigned herein, the Motion for Summary Judgment is **GRANTED**.

## SUMMARY OF UNCONTESTED FACTS

As Plaintiffs have failed to file a memorandum in opposition to Massachusetts Bay's Motion for Summary Judgment, Massachusetts Bay's Statement of Uncontested Material Facts[1] is deemed admitted, for purposes of this motion. *See* Local Rule 56.2.[2]

Plaintiff-employees filed the instant lawsuit against Moore Family Enterprises, Inc., Donny Moore and the instant insurer, Massachusetts Bay, alleging a pattern of abuse and sexual harassment in the workplace. The Plaintiffs allege that they were the targets of repeated, sexually offensive and harassing conduct perpetrated by Mr. Moore, who is an agent and principal of Moore Family

---

[1] Doc. #6-6.

[2] Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."

Enterprises, Inc. The Plaintiffs further allege that Moore Family Enterprises, Inc. failed to properly train and supervise Mr. Moore and/or to maintain order in the workplace. Massachusetts Bay issued a policy of business-owners insurance to Moore Family Enterprises, Inc., which was in effect at all times relevant to the Plaintiffs' instant allegations.

The Massachusetts Bay business-owners policy was issued to Moore Family Enterprises, Inc. as the named insured. The policy provides occurrence-based commercial general liability coverage to Moore Family Enterprises, Inc. for third-party claims for bodily injury and property damage during the policy period. The policy provides the following specific exclusions, which Massachusetts Bay asserts are relevant to the Plaintiffs' underlying claims:

> **B.  Exclusions**
> **1. Applicable to Business Liability Coverage**
> This insurance does not apply to:
>
> > **a.  Expected or Intended Injury**
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured...
> >
> > **e.  Employer's Liability**
> > "Bodily injury" to:
> > (1) An "employee" of the insured arising out of and in the course of:
> >     (a) Employment by the insured;
>
> **2. Additional Exclusions Applicable only to "Personal And Advertising Injury"**
> This insurance does not apply to "Personal and advertising injury":
> > **a.  Knowing Violation of Rights of Another**
> > Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury[.]"

Massachusetts Bay also asserts that the following endorsement is relevant and bars coverage for third-party claims related to wrongful termination and other employment-related practices or acts:

> **2.  Exclusions**
>
> > This insurance does not apply to:

### h. Employment-Related Practices
"Bodily injury" to"
(1) A person arising out of any
(a) Refusal to employ that person;
(b) Termination of that person's employment; or
(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person[.]

### r. Personal and Advertising Injury
"Bodily injury" arising out of "personal and advertising injury."

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not

---

[3] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

## DISCUSSION

Louisiana contract law governs our interpretation of Massachusetts Bay's policy. "Under Louisiana law, an insurance policy is a contract between the parties, and it should be construed according to the general rules of contract interpretation set forth in the Civil Code." *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005) (citing *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 1993-0911 (La. 1/14/94); 630 So.2d 759, 763). Louisiana Civil Code article 2045 states that contract interpretation "is the determination of the common intent of the parties." The extent of coverage is determined by the parties' intent, as reflected by the words in the policy. *Samuels v. State Farm Mut. Auto. Ins. Co.*, 2006-0034 (La. 10/17/06); 939 So.2d 1235, 1240 (internal citations omitted). "Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning." *La. Ins. Guar. Ass'n*, 630 So.2d at 763. Furthermore,

an insurance contract should "be construed as a whole, and one portion thereof should not be construed separately at the expense of disregarding another." *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988).

"Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La. Rev. Stat. § 22:881. In accordance with the aforementioned principles, the Massachusetts Bay business-owners policy clearly includes the relevant exclusions and endorsement relied upon by Massachusetts Bay in the instant motion. Plaintiffs' alleged "bodily injury" arises out of Moore Family Enterprises, Inc.'s decision to terminate Plaintiffs' employment and/or employment-related practices and/or acts such as harassment, humiliation, or discrimination directed at Plaintiffs. Pursuant to the specific coverage exclusions and relevant endorsement quoted above, the Massachusetts Bay policy unambiguously precludes coverage for Plaintiffs' discrimination and wrongful termination claims. *See Adams v. Pro Sources, Inc.*, 231 F.Supp.2d 499, 503 (M.D. La. 2002) (finding that plaintiff's claims based on a hostile work environment and retaliation were "clearly excluded" by the policy's employment-related practices exclusion).

Likewise, the policy plainly excludes "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured," so that any and all allegations involving the intentional acts of Donny Moore are also not covered. *See Coleman v. School Bd. of Richland Parish*, 418 F.3d 511 (5th Cir. 2005). Because we find that Massachusetts Bay's policy clearly precludes coverage, we need not address whether an "occurrence" has occurred under the terms of this policy.

## CONCLUSION

For the reasons assigned herein, Defendant's motion for summary judgment [Doc. #6] is **GRANTED**. Plaintiffs' claims against Defendant Massachusetts Bay Insurance Company are **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**, in Shreveport, Louisiana, this 26th day of July, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE